Seth L. Neulight, State Bar No. 184440
sneulight@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Erin Holyoke, State Bar No. 288137
eholyoke@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Ave, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (855) 803-1806

Attorneys for Defendant
FIDELITONE LAST MILE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICA CABALLERO, an individual; Individually and on Behalf of All Similarly Situated Individuals,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITONE LAST MILE, INC., a Delaware corporation; and DOES 1 through 20, Inclusive,<br><br>Defendant. | Case No. 4:20-cv-6281<br><br>**CLASS ACTION**<br><br>**DEFENDANT FIDELITONE LAST MILE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d) AND 28 U.S.C. § 1441(b)**<br><br>[Filed concurrently with Declaration of Sarah Bradley, Notice of Related Cases, Notice of Interested Parties, and Civil Cover Sheet] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AMERICA CABALLERO AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Fidelitone Last Mile, Inc. ("Defendant") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and

is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for removal:

1. On or about July 31, 2020, Plaintiff America Caballero ("Plaintiff") commenced the aforementioned action against Defendant by filing a Class Action Complaint in the Superior Court of the State of California, County of Alameda, entitled *America Caballero, an individual; individually and on behalf of all similarly situated individuals v. Fidelitone Last Mile, Inc.,* Case No. RG20069582 (hereinafter the "State Court Action").

2. True and correct copies of Plaintiff's Summons and Complaint, along with the papers that accompanied the Complaint, are attached to this Notice as Exhibit A.

3. Defendant was served with the Summons and Complaint on August 6, 2020.

4. On September 2, 2020, Defendant filed in the State Court its Answer to the Complaint, as required by the California Code of Civil Procedure. A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5. On September 3, 2020, Defendant filed in the State Court an Amended Answer to the Complaint. A true and correct copy of the Amended Answer is attached hereto as Exhibit C and is incorporated herein by this reference as if set forth in full.

6. Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A, B and C.

7. This Notice is timely filed in that it is filed within 30 days of service of the Summons and Complaint on Defendant. *See* 28 U.S.C. § 1446(b); and Fed. R. Civ. Proc. 6.

8. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff, as required by 28 U.S.C. § 1446(d), and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Alameda, as further required by that statute.

### Removal Based on Diversity of Citizenship

9. The Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states. As also explained more fully below, the amount in controversy in this action exceeds the sum of $75,000.

10. "[F]ederal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules (including utilization of supplemental jurisdiction) or on [the Class Action Fairness Act] (CAFA)." *See Biag v. King George – J&J Worlwide Servs. LLC*, 2020 U.S. Dist. LEXIS 129528, *22-23 (S.D. Cal. July 22, 2020) ("Because CAFA explicitly expands diversity jurisdiction rather than diminishes its scope, failure to meet CAFA requirements does not preclude the possibility of meeting traditional diversity jurisdiction requirements under § 1332(a)."). *See also* C. Wright & A. Miller, Fed. Pract. & Proc. Juris § 3728 (Rev. 4th ed. 2020) ("Insofar as CAFA creates original jurisdiction over cases that previously were beyond federal diversity subject-matter jurisdiction, CAFA enlarges the universe of cases that may be removed pursuant to 28 USC § 1441").

11. At the time this lawsuit was filed, Plaintiff America Caballero was, and still is, a citizen of the State of California. (Exh. A, Cmplt., ¶ 7.)

12. At the time this lawsuit was filed, Defendant was, and still is, incorporated in the State of Delaware and maintained its corporate headquarters and principal place of business in the State of Illinois. *See* Declaration of Sarah Bradley ("Bradley Decl."), ¶ 4, attached hereto as Exhibit D.

13. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the possible existence of unnamed Doe Defendants, 1 through 25, inclusive, as alleged in Plaintiff's Complaint, does not deprive this Court of jurisdiction.

14. In light of the foregoing, Plaintiff is a "citizen of a State different from" Defendant under 28 U.S.C. § 1332(a); *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010).

## **Amount in Controversy**

15. Removal jurisdiction exists where original jurisdiction also would have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. The court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus*, 980 F.2d at 566. A defendant seeking to remove a case to a federal court must file a notice of removal containing only a short and plain statement of the grounds for removal, consistent with the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and such removal allegations must be construed liberally. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A removing defendant need not submit admissible evidence of the amount in controversy with its notice of removal; rather, the defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* at 554.

16. A defendant in a diversity action can satisfy the amount in controversy for removal purposes by establishing that there is a reasonable probability that at

DEFENDANT FIDELITONE LAST MILE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
4834-3079-4074.1

least one named plaintiff has more than $75,000 in controversy. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005); *Calderon v. BKB Construction, LP.*, 2017 WL 2618094, *2 (N.D. Cal 2017); *Aguilar v. Zep. Inc.,* 2013 WL 12173914 *fn 5 (N.D. Cal 2013).

17. The amount in controversy in this case exceeds $75,000, excluding interest and costs. In her Complaint, Plaintiff alleges that she was misclassified as an independent contractor for Defendant. (Exh. A, Cmplt., ¶ 15.) Plaintiff asserts the she, and other purportedly similarly situated Delivery Drivers, were employees of Defendant, and on that theory, Plaintiff asserts the following violations of wage and hour provisions of the California Labor Code and/or Industrial Welfare Commission Wage Order: (1) failure to pay minimum wage; (2) failure to pay overtime compensation; (3) failure to reimburse employment expenses; (4) unlawful deductions from wages; (5) failure to provide meal periods; (6) failure to authorize or permit rest periods; (7) failure to provide accurate wage statements; and (8) waiting time penalties. (Exh. A, Cmplt., ¶¶ 40-89.) Plaintiff further alleges that the foregoing violations amount to a violation of the California Unfair Competition Law, Business and Professions Code sections 17200, *et seq*. (Exh. A, Cmplt., ¶¶ 90-102.) As alleged in the Complaint, Plaintiff seeks to recover from Defendant, for herself and other putative class members, unspecified amounts of unpaid wages and other monetary relief (inclusive of interest), compensatory damages, restitution, disgorgement of profits of Defendant, various statutory penalties, punitive damages, and attorneys' fees and costs. (Exh. A, Cmplt., p. 22 "Prayer for Relief").

18. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that otherwise may be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute as to Plaintiff's claims alone exceed $75,000 exclusive of interest and costs.

19. Between July 16, 2018 and April 14, 2020, Plaintiff provided driving and delivery services to her employer, Caballero Delivery Service, who in turn, contracted with Defendant to provide independent contractor driver and delivery services to Defendant. (Bradley Decl., ¶ 4.) Plaintiff, through her employer Caballero Delivery Service, provided services to Defendant by driving delivery truck routes approximately 271 times over the course of 253 days during the above-mentioned time period. (Bradley Decl., ¶ 5.) Plaintiff provided services to Defendant pursuant to a contract between Defendant and Plaintiff's employer, Caballero Delivery Service. (Bradley Decl., ¶ 4.) During the period of time Plaintiff drove a delivery truck route as an employee of Caballero Delivery Service, between July 16, 2018, and April 14, 2020, Defendant paid Caballero Delivery Service approximately $169,024.50. *Id.*

20. The records maintained by Defendant in the ordinary course of business, demonstrate that the time Plaintiff spent driving delivery truck routes for her employer, Caballero Delivery, varied. (Bradley Decl., ¶ 6.) However, on the days Plaintiff provided delivery services to Defendant, Defendant estimates that Plaintiff spent an average of approximately seven to eight hours per day doing so. *Id.*

21. As an exemplar, a review of records maintained by Defendant for the month of February 2020 shows that Plaintiff spent an average of approximately 7.2 hours on delivery routes, including time for preparation and return. (Bradley Decl., ¶ 7.) The records further show that during this same time period, Plaintiff typically started her delivery route each day between 8:00 a.m. and 10:00 a.m., and ended her route between 4:00 p.m. and 7:00 p.m. *Id.*

22. Plaintiff alleges in her Complaint that Defendant failed to provide her with rest periods as required by California law. If Plaintiff establishes that she was an employee of Defendant and prevails on this claim, she would be entitled to one hour of premium pay for each day she was not provided with a rest period. Plaintiff

alleges that she was treated as an independent contractor and that she regularly worked in excess of four hours without receiving a rest break. (Exh. A, Cmplt. ¶¶ 77-79). Based on the estimate that Plaintiff worked approximately 253 days, and based on a conservative estimate that Plaintiff was not provided a rest break by Defendant at least once each day, Plaintiff would be entitled to 253 hours of premium pay.

23.  Plaintiff also alleges in her Complaint that she was not provided meal periods as required by California law.  If Plaintiff establishes that she was employed by Defendant and prevails on this claim, Plaintiff would be entitled to one hour of premium pay for each day she was not provided a meal break.  Plaintiff claims that she was treated as an independent contractor and that she regularly worked in excess of five hours without receiving a meal break. (Exh. A, Cmplt. ¶¶ 71-73). Based on the estimate that Plaintiff worked approximately 253 days, and based on a conservative estimate that Plaintiff was not provided a meal break by Defendant one half of the total time she worked, Plaintiff would be entitled to approximately 137 hours of premium pay.

24.  Plaintiff also asserts in her Complaint that she incurred expenses for which she was not reimbursed by Defendant, including the purchase and/or lease and depreciation of vehicles, fuel, maintenance, insurance, uniforms and certain tools and equipment. (Exh. A, Cmplt. ¶ 55.) Given that Plaintiff was an independent contractor and provided her own delivery truck, paid for her own insurance, gas, and uniforms, Defendant is informed and believes that amounts Plaintiff would be entitled to recover on this claim alone would be over $75,000. *Id.*

25.  Plaintiff also claims in her Complaint that Defendant failed to pay her minimum wage including for time spent attending mandatory meetings, waiting to receive merchandise at Defendant's stores and warehouses, work time spent picking up and transporting haul away merchandise and time spent returning paperwork to Defendant's clients stores at the end of the workday. (Exh. A, Cmplt. ¶ 42).  Based

on the estimate that Plaintiff worked approximately 253 days, and based solely on the allegation that she was not paid for her time spent to return paperwork at the end of the workday, Plaintiff would be entitled to liquidated damages equal to the amount of lost wages for that minimum one hour of time that she was not paid returning the paperwork at the end of each day.  During the period of time that Plaintiff performed services for Defendant, the average minimum wage rate under California law was $12 per hour.

26. Plaintiff claims in her Complaint that she was not paid overtime (i.e., 1.5 times her purported regular rate of pay) for hours worked in excess of eight hours in a day or 40 hours in a week.  (Exh. A, Cmplt. ¶¶ 48-50.) Therefore, assuming conservatively that Plaintiff worked one hour of "overtime" on one third (1/3) of the total days that she worked, Plaintiff would be entitled to 85 hours of overtime pay. Cal. Lab. Code § 510; Cal. Bus. & Prof. Code § 17206.

27. Plaintiff also asserts in her Complaint a claim for "waiting time" penalties because she alleges that she did not receive all wages due and owing upon the separation of her purported employment.  (Exh. A, Cmplt. ¶¶ 84-89.)  This penalty equals thirty (30) days of wages based on a full-time schedule.  Cal. Lab. Code § 203(a).

28. If Plaintiff prevails on her claim in the Complaint that Defendant was obliged but failed to provide her with accurate wage statements (Exh. A, Cmplt. ¶¶ 81-82), she would be entitled to a $4,000 penalty for that alleged violation.  (Cal. Lab. Code § 226(c).)

29. Moreover, in determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass 'n*, 325 F.2d 785, 787 (9th Cir.

1963) (holding that punitive damages must be taken into account where recoverable under state law); *Conrad Assoc. 's v. Hartford Accident & Ind Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (holding that the "amount in controversy" includes claims for general and special damages); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal, 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonably estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").  Here, Plaintiff seeks interest, punitive damages, cost of suit, and attorney fees.  Plaintiff's claim for attorneys' fees and costs alone is likely to exceed $75,000 (e.g., California Labor Code Section 226 allows for an award of reasonable attorneys' fees).

30.   When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

31.   Additionally, "[i]f the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons*, 209 F. Supp. 2d at 1031.  In addition to the evidence regarding the present value of Plaintiff's claim for wage and hour violations, as described in paragraphs 19-29 above, the Court may consider "jury verdicts in similar cases," so long as such cases are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

32.   In *Gonzalez v. A'la Carte Catering, Inc.,* 2016 WL 1554819 (Cal. Super. 2016), plaintiff was reportedly employed as a mechanic and alleged that he was misclassified as an independent contractor.  Plaintiff's claims for misclassification, failure to pay overtime and failure to furnish itemized wage statements proceeded to trial.  The jury found that the plaintiff was owed $127,750

1 for overtime wages owed and $4,000 for failure to provide itemized wage statement
2 for a total award of $131,750.

3     33. In *Cabardo, et al. v. Patacsil*, 2020 WL 3865034 (E.D. Cal. 2020), six plaintiffs alleged that they were misclassified as exempt employees and that the defendant failed to pay them minimum wage and overtime, failed to provide meal and rest breaks and failed to provide itemized wage statements. The jury found for the plaintiffs and specifically found that one plaintiff was entitled to $116,342 and another plaintiff was entitled to $261,087. The jury separately awarded PAGA penalties.

    34. Punitive damages as sought by Plaintiff (to which Defendant asserts she is not entitled) certainly may meet or exceed the amount of damages Plaintiff could recover for wage and hour violations.

    35. Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

    36. While Defendant has produced solid evidence in support of its Notice of Removal, it is noteworthy that in *Dart Cherokee Basin Operating, LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court held that a defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions.

    37. For the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## **Venue**

38.   Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84(d) and 1441(a) because this Court's territorial jurisdiction includes Alameda County, California, where the State Court Action was filed and is pending.

39.   For all of the foregoing reasons, Defendant respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

Dated:  September 4, 2020				NIXON PEABODY LLP


					By:___*/s/ Erin Holyoke*_____
						Seth L. Neulight
						Erin Holyoke
						Attorneys for Defendant
						FIDELITONE LAST MILE, INC.